UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61568-CV-DIMITROULEAS

JAIME PICHARDO MIJARES,

     Petitioner,

v.

GARRETT RIPA, Field Office Director of
Enforcement and Removal Operations, Miami,
Field Office, Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement; TODD
BLANCHE, Acting U.S. Attorney General;
EXECUTIVE OFFICE OF IMMIGRATION
REVIEW; CARLOS R. NUNEZ, Assistant
Field Office Director, Immigration and Customs
Enforcement, Custodian of Broward
Transitional Center,

     Respondents.

_____/

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** is before the Court on Petitioner JAIME PICHARDO MIJARES

("Petitioner")'s Petition for Writ of Habeas Corpus, filed May 28, 2026. [DE 1] (the "Petition").

The Court has carefully considered the Petition, the exhibits and evidence filed by Petitioner in

the record, is otherwise fully advised in the premises.

The Petition requests that the Court order that Respondents must afford Petitioner an

individualized bond hearing consistent with 8 U.S.C. § 1226(a). However, upon a careful review

of the record, the Court determines that Petition has already had two individualized bond

hearings before Immigration Judges, on May 1, 2026 and on May 17, 2026, and was denied

bond. *See* [DE's  1-3; 1-4].

The May 1, 2026 Order of the Immigration Judge stated as follows:

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

Denied, because

Based on Respondent's manner of entry (EWI), the Court lacks jurisdiction to set a bond in this case. see Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). Alternatively, applying 9 Guerra factors, the Court finds that Respondent has not met his burden in establishing that he is a suitable bail risk based on the fact that Respondent has not presented any proof of fixed address, no proof that Respondent owns any property in the United States, entered the United States unlawfully, no original ID document to establish Respondent's identity, and no proof of any savings in the United States. see Matter of Guerra, 24 I&N Dec. 216 (BIA 2006).

[DE 1-3].

The May 17, 2026 Order of the Immigration Judge stated as follows:

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

Denied, because

This constitutes Respondent's 2nd bond motion. On May 1, 2026, the Court denied Respondent's 1st bond motion based on two grounds: 1) jurisdiction; and, 2) failure to meet his burden that he is a suitable bail risk. Rather than appealing the Court's Order, Respondent has filed a 2nd bond motion.

Under 8 CFR § 1003.19(e), after an initial bond redetermination by an Immigration Judge, a subsequent request for a bond redetermination must be made in writing and will be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination. The regulation does not define "material change" in circumstances, but EOIR policy and case law interpret it as a substantial, significant, or important change that would affect the alien's ability to appear for future proceedings or the risk of flight. It is not a minor or trivial change.

The Court has reviewed, and carefully considered Respondent's bond motion accompanied by two (2) packets of evidence (133 pages). While the Court is sympathetic to Respondent's separation from his family, the Court finds that Respondent has filed, for the most part, the same documents from the prior hearing. Respondent has submitted 25 additional pages of evidence to establish home ownership, Respondent has not addressed that these documents did not previously

exist to excuse having not presented them previously. Consequently, no material change in circumstances established to warrant upsetting the Court's previous Order. 2nd Bond motion is DENIED.

[DE 1-4].

Petitioner has no habeas claim here because has been given an individualized bond hearing consistent with § 1226(a). The immigration judge applied nine factors in determining that Petitioner had not met his burden of showing he was a suitable bail risk. No due process violation has been shown. No abuse of discretion has been shown. The Court otherwise lacks jurisdiction to review the Immigration Judge's discretionary decisions, which fall within the jurisdiction of the immigration court and administrative appeals process.

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition [DE 1] is **DENIED.** The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov