UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61568-CV-DIMITROULEAS

JAIME PICHARDO MIJARES,

     Petitioner,

v.

GARRETT RIPA, Field Office Director of
Enforcement and Removal Operations, Miami,
Field Office, Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement; TODD
BLANCHE, Acting U.S. Attorney General;
EXECUTIVE OFFICE OF IMMIGRATION
REVIEW; CARLOS R. NUNEZ, Assistant
Field Office Director, Immigration and Customs
Enforcement, Custodian of Broward
Transitional Center,

     Respondents.
_____/

## <u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT</u>

**THIS CAUSE** is before the Court on Petitioner JAIME PICHARDO MIJARES

("Petitioner")'s Motion for Reconsideration and to Alter or Amend Judgment, filed June 2, 2026.

[DE 5] (the "Petition"). The Court has carefully considered the Petition, the exhibits and

evidence filed by Petitioner in the record, is otherwise fully advised in the premises.

On May 28, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. *See* [DE 1] (the

"Petition"). The Petition requested that the Court order that Respondents must afford Petitioner

an individualized bond hearing consistent with 8 U.S.C. § 1226(a). *See id.* The Court carefully

reviewed the Petition and the record and, on June 1, 2026, denied the Petition, having

"determine[d] that Petition has already had two individualized bond hearings before Immigration Judges, on May 1, 2026 and on May 17, 2026, and was denied bond. *See* [DE's  1-3; 1-4]." *See* [DE 4] (Order Denying Petition for Writ of Habeas Corpus).

In the instant Motion, Petitioner seeks reconsideration of the Court's Order Denying Petition for Writ of Habeas Corpus, arguing that the Court's Order appears to have misapprehended Petitioner's claim as presented in the Petition. *See* [DE 5].

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)).  Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369.  "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Here, upon careful review of the filings, the Court finds that Petitioner fails to meet the requirements for the extraordinary relief of reconsideration. The Court did not misapprehend the Petition. Moreover, the Court disagrees with Petitioner's argument that, because of the Immigration Judge's *alternative* position in its May 1, 2026 Order that it lacked jurisdiction to set a bond in the case, that the rest of the Immigration Judge's subsequent alternative analysis applying the nine *Guerra* factors and determining that Petitioner is not a suitable bail risk cannot

and does not constitute a bona fide custody determination.. As the Court held, based upon the record, Petitioner has no habeas claim here because has been given an individualized bond hearing consistent with § 1226(a). The immigration judge applied nine factors in determining that Petitioner had not met his burden of showing he was a suitable bail risk. No due process violation has been shown. No abuse of discretion has been shown. The Court otherwise lacks jurisdiction to review the Immigration Judge's discretionary decisions, which fall within the jurisdiction of the immigration court and administrative appeals process.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Reconsideration [DE 5] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov